## 41636. WAYNE v. THE STATE.

PANNELL, Judge. 1. The fact that local newspapers, on the day before the trial of the defendant in the present case on a charge of voluntary manslaughter, publicized the defendant's arrest on another charge, and some of the prospective jurors may have read this report, does not show the existence of such prejudice in the county of the forum as to make the obtaining of a fair and impartial jury impossible (*Morgan v. State*, 211 Ga. 172 (1) (84 SE2d 365); *Douberly v. State*, 184 Ga. 573 (192 SE 223)), and, under such circumstances, we cannot say that the trial judge abused his discretion in refusing to grant the motion for continuance or postponement. *Biggers v. State*, 171 Ga. 596 (1) (156 SE 201). "In the selection of a fair and impartial jury the prisoner was protected by his right to peremptory challenges, and to have the statutory voir dire questions propounded; and if these were not sufficient, the prisoner had his right of challenge to the poll and to have had any juror called to try him put upon the Court as a trior and the question of such juror's competency and impartiality thoroughly tested." *Biggers v. State*, 171 Ga. 596, 598, supra.

2. The defendant was charged with voluntary manslaughter while engaged in mutual combat and defended on the grounds of defense of habitation, defense of self and defense of family. In a charge relating to "one of the contentions of the defendant [which] is that it was necessary to kill the deceased to protect his property", the trial judge charged: "One who seeks in a violent manner to enter the habitation of another, and will not heed the remonstrance or persuasion of the owner or occupant, but continues the attack and invasion, intending to do serious injury to the person who resides there, to his house, or to some member of his family, such as wife and children, forfeits his life, and he who in good faith, under such circumstances, takes the life of a person so invading his home is guiltless of any crime, and is acting in due protection of himself and his family." This charge, although in language similar to that contained in the opinion in *Smith v. State*, 106 Ga. 673, 682 (32 SE 851), nevertheless confused the defenses under *Code* §§ 26-1013 and 26-1014 if the reference to good faith in the charge should be construed as referring to the good faith in endeavoring to decline any further struggle where mutual combat is involved under *Code* § 26-1014; and, if the term "good faith" is construed to refer to lack of malice, or refers to one acting under the fears of a reasonable man, it confuses the defenses of real necessity and apparent necessity to kill in defense of property or the members of one's family. See, in this connection, *McKibben v. State*, 88 Ga. App. 466, 472 (77 SE2d 86); *Dunn v. State*, 16 Ga. App. 9 (6) (84 SE 488); *Franklin v. State*, 146 Ga. 40 (90 SE 480); *Waters v. State*, 146 Ga. 102 (2) (90 SE 712).

3. The court charged the jury as follows: "Gentlemen, in this case the defendant has made an unsworn statement in his own defense, which he had a right to do. His statement was not under oath, and he could not be compelled to answer any questions on cross-examination. *He does have the right to have his statement elicited from him by questions directed to him by his own counsel.* It has such force only as the jury may think right to give it. You may believe it in whole or in part, and you may believe it in preference to the sworn testimony in the case." Error is assigned on the italicized portion of the charge. While this portion of the charge is an incorrect statement of the law, as the defendant has no such right, although the trial judge, in his discretion, can permit

defendant's counsel to ask him questions (*Williams v. State,* 220 Ga. 766, 769 (141 SE2d 436); *Anthony v. State,* 112 Ga. App. 444 (145 SE2d 657)), the error was harmless, was not a disparagement of the defendant's very complete unsworn statement, nor a comment upon his failure to be sworn (see, in this connection, *Code* § 38-415, as amended by the Act of 1962, Ga. L. 1962, p. 133; *McCann v. State,* 108 Ga. App. 316 (1) (132 SE2d 813); *Carter v. State,* 107 Ga. App. 571 (1) (130 SE2d 806); *Lynch v. State,* 108 Ga. App. 650 (1) (134 SE2d 526); *Ash v. State,* 109 Ga. App. 177 (3) (135 SE2d 507)), nor was said charge a reflection on defendant's counsel for having failed to ask questions.

4. The alleged error as to a charge on the same contention as that embraced in Division 2 above in which the court, after charging various rules as to justifiable homicide, charged: "Whether the defendant acted in accordance with these rules and whether, if he did, his acts were justifiable are matters for you, the jury, to determine," if error, is not such as is likely to occur on a subsequent trial of the case.

*Judgment reversed. Nichols, P. J., concurs. Eberhardt, J., concurs in the judgment.*

ARGUED NOVEMBER 2, 1965—DECIDED FEBUARY 23, 1966— REHEARING DENIED MARCH 9, 1966.

*William Hall, Sr., Hall, Dean & Hall,* for appellant.

*Luther C. Hames, Jr., Solicitor General, Lawrence B. Custer,* for appellee.

