## S03A1458. DOMINGUES v. THE STATE.
### (589 SE2d 102)

THOMPSON, Justice.

Defendant Joel Lee Domingues was convicted of malice murder and burglary in connection with the death of Kelly Fuss.[1] He appeals, asserting, inter alia, ineffective assistance of counsel. We find no error and affirm.

Kelly Fuss was married to David Fuss. David was the brother of Melissa Fuss Erives and Margaret Fuss Branch. Domingues was romantically involved with Erives, Kelly's sister-in-law.

David and his sisters, Branch and Erives, quarreled about the distribution of assets in their mother's estate. Branch and Erives suspected that David had improperly taken some of the assets for himself. To lure David away from his house, and give Branch time to search it, Branch called David and asked him to meet her at their mother's house. David agreed and drove himself to the meeting place; his wife, Kelly, stayed at home. In the meantime, Branch, Erives, and Domingues drove to David's house. Branch entered the house; Domingues entered approximately 15 minutes later. Erives then drove her truck down the street, parked, and waited until Branch called her on her cell phone and asked her to return to David's house. When she arrived, Erives saw Branch and Domingues standing on the front porch. Domingues drove away in Kelly's car. Branch got into Erives' vehicle and told her that Kelly was dead. Erives and Branch followed behind Domingues for a short distance. Domingues parked Kelly's car, climbed into the back of Erives' vehicle, and covered himself with a blanket.

Forty-five minutes after his departure, David returned home to find Kelly dead on the kitchen floor. She had been stabbed and cut 30 times and two of the wounds were fatal. Blood was found in several rooms of the house. Domingues was arrested shortly thereafter. A spot of blood on Domingues' sock was tested and determined to be Kelly's.

1. The evidence was sufficient to enable any rational trier of fact to find defendant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC

---

[1] Kelly Fuss was killed on June 15, 1999. Domingues was indicted and charged with malice murder, two counts of felony murder, aggravated assault and two counts of burglary. Trial commenced on March 3, 2001. Five days later, the jury returned a verdict of not guilty upon one of the burglary counts, and guilty upon the remaining charges. The trial court sentenced Domingues to life in prison and 20 years for the malice murder and burglary convictions; the remaining counts were treated as surplusage and vacated. Domingues' timely filed motion for a new trial was denied on December 12, 2002, and Domingues filed a notice of appeal on January 10, 2003. The case was docketed in this Court on June 20, 2003, and orally argued on September 15, 2003.

2781, 61 LE2d 560) (1979).

2. Domingues asserts he received ineffective assistance of counsel because counsel failed to (1) have the entire trial, including voir dire, transcribed; (2) call essential witnesses; (3) allow Domingues to testify on his own behalf; (4) fully investigate the case; and (5) pursue a hearing with regard to Domingues' competency.

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficiency so prejudiced defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782 (1) (325 SE2d 362) (1985). The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. *Mobley v. State*, 271 Ga. 577 (523 SE2d 9) (1999). The trial court's findings with respect to effective assistance of counsel will be affirmed unless clearly erroneous. *Johnson v. State*, 266 Ga. 380, 383 (467 SE2d 542) (1996).

It cannot be said that counsel were ineffective for failing to have voir dire transcribed because Domingues does not assert that anything harmful or prejudicial transpired during voir dire. See *Davis v. State*, 242 Ga. 901, 902 (1) (252 SE2d 443) (1979). Similarly, Domingues cannot show prejudice with regard to his assertions that counsel failed to fully investigate the case and call essential witnesses because he made no proffer as to what a thorough investigation would have uncovered or what the essential witnesses would have said. *Roberts v. State*, 263 Ga. 807, 808 (2) (b) (439 SE2d 911) (1994).

The trial court found that counsel advised Domingues the decision as to whether to testify was his; that, however, counsel advised him not to testify; that counsel had sound, strategic reasons for giving that advice;[2] that Domingues was fully aware of his rights; that he elected to follow counsel's advice and informed the court to that effect; that the court instructed Domingues he could change his mind and choose to testify; but that Domingues never indicated a desire to do so. Giving due deference to the trial court's findings, we conclude that counsel's advice did not fall below an objective standard of reasonableness.

Finally, we decline to find ineffective assistance with regard to Domingues' assertion that counsel should have pursued a hearing to determine his competency to stand trial. Prior to trial, counsel sought, and was granted, permission to have Domingues psychologically evaluated. The evaluation demonstrated that Domingues was

---

[2] Domingues gave different accounts of his story when he was interviewed by the police.

competent. Domingues has not shown that counsel unreasonably relied upon that evaluation.

3. The trial court did not err in charging the jury that whether a conspiracy existed was a matter for the jury to determine. See generally *Turner v. State*, 275 Ga. 343, 345 (2) (566 SE2d 676) (2002). The charge did not impermissibly shift the burden of persuasion to Domingues.

4. That defendant was acquitted on the burglary count which was based on an intent to commit aggravated assault, but convicted on the felony murder charge which was predicated on aggravated assault, is of no consequence. Georgia does not have an inconsistent verdict rule. *Hines v. State*, 276 Ga. 491, 492 (2) (578 SE2d 868) (2003). Besides, any error in connection with the felony murder count must be deemed harmless because it was vacated by operation of OCGA § 16-1-7. See *Malcolm v. State*, 263 Ga. 369, 372 (5) (434 SE2d 479) (1993); *Heard v. State*, 261 Ga. 262, 263 (403 SE2d 438) (1991).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 17, 2003.

*Hurl R. Taylor, Jr.,* for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Rosemary Brewer, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Frank M. Gaither, Jr., Assistant Attorney General,* for appellee.