S05A0941. PATEL v. THE STATE.
(620 SE2d 343)

THOMPSON, Justice.

Viral Patel was convicted of felony murder with aggravated assault as the underlying felony in connection with the shooting death of Tyree Garrett. Patel's conviction was affirmed on direct appeal. *Patel v. State,* 278 Ga. 403 (603 SE2d 237) (2004). Appellate counsel, who did not enter an appearance in the case until after the notice of appeal had been filed, raised a claim of ineffective assistance of trial counsel. Id. at 408 (9). Because that was the first practicable time for Patel to have asserted the claim, we remanded the case to the trial court to afford him the opportunity to litigate the issue. Id. Following an evidentiary hearing, the trial court concluded that Patel's trial counsel rendered reasonably effective assistance during the trial. Finding no error in that ruling, we affirm.

In summary, the evidence showed that Patel owned and operated a convenience store. He used an unattached building near the store for storage of his inventory. On occasion, thieves had broken into the

storage building and had stolen certain items. On the night in question, Patel and one of his regular customers stationed themselves in the storage building; Patel was armed with a pistol. They heard voices outside the building followed by the sound of breaking plywood. Patel shouted, "Halt," and there were several minutes of silence; he then fired the pistol three times. One bullet struck Garrett in the face, causing him to fall to the ground outside the storage building. Forensic evidence established that the bullet had passed through the wall of the storage shed prior to striking and killing Garrett.

> To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficiency so prejudiced defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); [cit.]. The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. [Cit.] The trial court's findings with respect to effective assistance of counsel will be affirmed unless clearly erroneous. [Cit.]

*Domingues v. State,* 277 Ga. 373, 374 (2) (589 SE2d 102) (2003).

(a) Trial counsel asserted the defenses of justification, OCGA §§ 16-3-20 (1); 16-3-21 (a), and use of force in defense of real property other than habitation,[1] OCGA § 16-3-24.[2] Relying on *Benham v. State,* 277 Ga. 516 (591 SE2d 824) (2004), Patel asserts that trial counsel was ineffective in failing to request a jury instruction on use of force in defense of habitation under OCGA § 16-3-23,[3] in that the latter provides a broader defense to the use of deadly force than those relied upon at trial.

---

[1] "Habitation" is defined by OCGA § 16-3-24.1 to include "any dwelling, motor vehicle, or *place of business.*" (Emphasis supplied.)

[2] OCGA § 16-3-24 (b) provides that a person is justified in threatening or using deadly force "to prevent trespass on or other tortious or criminal interference with *real property other than a habitation or personal property* . . . [if] the person using such force reasonably believes that it is necessary to prevent the commission of a forcible felony." (Emphasis supplied.)

[3] OCGA § 16-3-23 provides that a person is justified in using force which is intended or likely to cause death or great bodily harm to prevent an unlawful entry or attack upon a habitation if:

(1) [t]he entry is made or attempted in a violent and tumultuous manner and he or she reasonably believes that the entry is attempted or made for the purpose of assaulting or offering personal violence to any person dwelling or being therein and that such force is necessary to prevent the assault or offer of personal violence . . .

Two critical factors distinguish the present case from *Benham*, supra. First, the uncontroverted evidence in *Benham* established that the victim reached into Benham's vehicle "in a violent and tumultuous manner" landing the first strike through the car window; and that bystanders attempted twice to restrain the victim from continuing the attack. Under those circumstances, it was reasonable for defendant to believe that the entry was attempted or was made for the purpose of assaulting or offering personal violence to the occupants of the car. Thus, a charge on OCGA § 16-3-23 (1) clearly would have been authorized. Id. at 517.

In the case now under consideration, Patel and his customer were inside the storage building when the customer heard sounds of someone attempting to break into the building. As the events were described in *Patel*, supra at 404,[4] "[d]efendant took out a pistol and yelled for the intruder to 'halt.' A few minutes went by; it was quiet. Then defendant shot the pistol three times. A bullet pierced a plywood covering which had been nailed to the outside of the building and entered [the victim's] brain." It was also established that "[Patel] did *not open fire until the intruder started to escape from the building*." Id. at 405 (3). Thus, we concluded that "any assault upon [Patel], and any justification, was over when [Patel] started shooting." Id.

Also pivotal to the granting of a new trial in *Benham* was trial counsel's failure to appreciate that the defense of habitation may have justified the use of deadly force to repel the attack into Benham's vehicle.[5] It was counsel's failure to research and understand the defenses available to her client which resulted in our conclusion that her assistance fell below the minimum standard set forth in *Strickland v. Washington. Benham*, supra at 517.

In contrast, Patel's trial counsel testified at the hearing on remand that he chose the narrower defense of use of force in defense of property other than habitation as a matter of "trial strategy." While applying the label of "trial strategy" does not automatically immunize counsel from unreasonable decisions, see *Benham*, supra at 518,

---

or . . . (3) [t]he person using such force reasonably believes that the entry is made or attempted for the purpose of committing a felony therein and that such force is necessary to prevent the commission of the felony.

[4] Because the evidentiary posture of the case has not changed since our previous decision in *Patel*, supra, the "law of the case" doctrine applies. See *Roulain v. Martin*, 266 Ga. 353 (1) (466 SE2d 837) (1996) (law of the case rule is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases); *In re Spruell*, 237 Ga. App. 259 (515 SE2d 190) (1999) (any ruling by the appellate courts shall be binding in all subsequent proceedings in that case unless the evidentiary posture of the case changes so as to bar application of the rule).

[5] Benham's trial counsel proffered *only* a justification defense, i.e., the use of force in defense of self or others under OCGA § 16-3-21 (a); counsel did not assert defense of property to excuse Benham's conduct.

in this case, Patel's trial counsel was questioned extensively and gave reasoned explanations for his defense strategy. It was established that trial counsel practices almost exclusively in the area of criminal defense, having tried more than 100 cases since his admission to the Georgia Bar in 1977. Counsel explained that he was fully aware of the various defense options available to his client, but that he elected to forgo a defense of habitation for a variety of reasons. First, counsel noted that Patel gave inconsistent statements during the police investigation, initially claiming that the victim was inside the storage shed and was about to throw something at him, and then telling the officers that the victim was in the process of leaving the shed when the shooting occurred. The forensic evidence established that the victim had been outside the storage building and that the bullet passed through the plywood covering of the building before entering the body. Counsel explained that a defense of justification under OCGA §§ 16-3-20 (1) and 16-3-21 (a) was the best option to account for Patel's conduct and the inconsistencies in his custodial statements. Counsel opted for defense of property other than habitation, OCGA § 16-3-24 (b), which justifies the use of deadly force to prevent trespass or criminal interference with property only if "the person using such force reasonably believes that it is necessary to prevent the commission of a forcible felony." This charge was consistent with Patel's statement that the victim had entered the storage building, and counsel's proffered theory that a person has the right to defend his property. Counsel did not request a charge on defense of habitation because there was no evidence of a violent and tumultuous entry by the victim. As for the application of OCGA § 16-3-23 (3), which justifies the use of deadly force in defense of habitation when there is a reasonable belief that "the entry is made or attempted for the purpose of committing a felony therein and that such force is necessary to prevent the commission of the felony," counsel wanted the jury to believe that the victim's presence inside the building created a reasonable fear in Patel that deadly force was necessary to protect himself and his real property, not that "this man is shooting a kid because he is stealing some beer." This was a reasonable tactical decision made by experienced trial counsel based on counsel's assessment of the jury and the evidence.

(b) Patel also asserts that trial counsel was ineffective for failing to request a charge on a citizen's right to arrest a felon under OCGA § 17-4-60.[6] Trial counsel testified that he did not request such a

---

[6] OCGA § 17-4-60 permits a private person to "arrest an offender if the offense is committed in his presence or within his immediate knowledge. If the offense is a felony and the offender

charge because there was no evidence at trial that Patel was attempting to effectuate an arrest, nor did counsel believe that the statute excused the shooting and killing of a fleeing felon.

"Although a private person may make a citizen's arrest under OCGA § 17-4-60, only force that is reasonable under the circumstances may be used to restrain the individual arrested . . . the use of unreasonable force . . . could not have been part of a legitimate citizen's arrest." *Carter v. State*, 269 Ga. 891, 894 (7) (506 SE2d 124) (1998). Here, Patel did not attempt to restrain the victim; rather, he shot and killed him minutes after commanding him to halt. As in *Carter*, supra, there was no evidentiary support in this case to warrant a charge on OCGA § 17-4-60. Thus, trial counsel was not ineffective in failing to request such a charge. *Strickland*, supra.

(c) Patel also asserts that trial counsel rendered ineffective assistance when he failed to move for a mistrial in response to improper remarks by the prosecutor during closing argument.

In closing, the prosecutor argued that the defense had made comments during their opening statement about matters not established by the evidence, "kind of like the O. J. [Simpson] case." Defense counsel objected to this reference and the trial court sustained the objection. At the ineffectiveness hearing, trial counsel explained that he did not move for mistrial during the State's closing argument because he did not believe that the reference to the Simpson case negatively reflected on the defendant; and because counsel believed that the jury was receptive to his proffered defenses. We conclude that counsel's judgment and tactics were reasonable under the circumstances.

Although Patel points to counsel's failure to object to other statements made by the prosecutor during closing argument, these grounds were not addressed during the ineffectiveness hearing, and are not preserved for review. *Holmes v. State*, 273 Ga. 644, 648 (5) (c) (543 SE2d 688) (2001). "In the absence of testimony to the contrary, counsel's actions are presumed strategic." (Punctuation omitted.) Id.

The trial court's finding that Patel was afforded effective assistance of counsel was not clearly erroneous. *Domingues*, supra at 374 (2).

*Judgment affirmed. All the Justices concur, except Carley, J., who concurs specially.*

CARLEY, Justice, concurring specially.

I fully concur in Divisions (b) and (c) of the majority opinion, and in the judgment affirming Patel's conviction for felony murder.

---

is escaping or attempting to escape, a private person may arrest him upon reasonable and probable grounds of suspicion."

Division (a) addresses the contention that trial counsel was ineffective in failing to request a jury instruction on the defense of habitation. In finding that counsel was not ineffective, the majority distinguishes *Benham v. State*, 277 Ga. 516 (591 SE2d 824) (2004) on two grounds. I agree with respect to the first ground since, the law of the case as enunciated in *Patel v. State*, 278 Ga. 403, 404 (603 SE2d 237) (2004), established that there was no evidence that the entry into Patel's storage building was "made or attempted in a violent and tumultuous manner." OCGA § 16-3-23 (1). Thus, a charge on the defense of habitation by the use of deadly force under the circumstances enumerated in the first subsection of OCGA § 16-3-23 was not authorized. Compare *Benham v. State*, supra at 517.

The majority's second basis for distinguishing *Benham* is primarily that Patel's trial counsel made a reasonable tactical decision not to request a charge in accordance with OCGA § 16-3-23 (3). Pursuant to that subsection, a person is justified in using deadly force if he "reasonably believes that the entry is made or attempted for the purpose of committing a felony therein and that such force is necessary to prevent the commission of the felony." The majority relies on counsel's testimony that he made a strategic decision to base the defense on Patel's reasonable belief that deadly force was necessary to protect himself and his real property, and not to prevent the intruder from stealing beer. If, however, there had been evidence that the anticipated theft was sufficient to trigger the applicability of OCGA § 16-3-23 (3) in this case, then the defense of habitation could be much broader and more easily proved than either self-defense or the defense of real property. Thus, trial counsel's failure to invoke the defense of habitation might then constitute ineffective assistance. See OCGA § 16-3-21 (a) (deadly force in self-defense justified by apparent necessity to prevent commission of a "forcible felony"); OCGA § 16-3-24 (b) (deadly force in defense of real property justified by apparent necessity to prevent commission of a "forcible felony"); *Benham v. State*, supra at 517-518.

Nevertheless, I believe that defense counsel was not ineffective, because *Benham* is clearly distinguishable on other grounds not mentioned in the majority opinion. *Benham* simply did not involve OCGA § 16-3-23 (3), and there is no evidence in the record before us to support a charge on that statutory method. Since there must be a reasonable belief that the entry was made or attempted for the purpose of committing a felony in the habitation, the entry itself cannot logically constitute the felony which the defendant reasonably fears. The only other possible crimes intended by the intruder in this case are assault and theft. However, an apparent purpose to commit misdemeanor theft is not sufficient under OCGA § 16-3-23 (3), and there is absolutely no evidence from which one can infer that the

intruder intended to steal more than $500 worth of beer and thereby commit felony theft. See OCGA § 16-8-12 (a) (1). Compare OCGA § 16-7-1 (a) (one element of burglary is "the intent to commit a felony *or theft*" in the dwelling (emphasis supplied)). Furthermore, "any assault upon [Patel], and any justification, was over when [he] started shooting. [Cit.]" *Patel v. State*, supra at 405 (3). Thus, even assuming that there was evidence of an aggravated assault, Patel could not have reasonably believed that deadly force was "necessary to *prevent* the commission of the felony." (Emphasis supplied.) OCGA § 16-3-23 (3). Therefore, the evidence does not authorize a charge on that method of the defense of habitation, and Patel's attorney clearly was not ineffective in failing to request such a charge.

Even if *Benham* were not distinguishable on the ground that it involves only subsection (1) of OCGA § 16-3-23, its language regarding the necessity for deadly force is not applicable here. Patel relies on the statement in *Benham v. State*, supra at 517, that trial counsel there failed to recognize that the defense of habitation by deadly force may have been available "even if that amount of force was not necessarily required to repel [the victim]'s attack." The majority in *Benham* could only have been referring to absolute necessity for the use of deadly force, since subsection (1), as well as subsection (3), of OCGA § 16-3-23 explicitly requires an apparent necessity for the use of such force. It cannot now be inferred that this Court was confusing real necessity with apparent necessity. See *Wayne v. State*, 113 Ga. App. 281, 282 (2) (147 SE2d 814) (1966).

Because *Benham* should be cautiously and sensibly limited to its actual holding by the express terms of OCGA § 16-3-23, I concur specially in the judgment of affirmance.

DECIDED SEPTEMBER 19, 2005 —
RECONSIDERATION DENIED OCTOBER 24, 2005.

*Laurence H. Margolis*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.