S06A1964. PARKER v. THE STATE.
(640 SE2d 44)

THOMPSON, Justice.

Appellant James Lamar Parker was convicted of malice murder, aggravated assault, arson of a vehicle, and possession of a weapon during the commission of a felony, in connection with the shooting death of John Travis Schandera.[1] On appeal, Parker submits that he was improperly sentenced for aggravated assault, and that he was denied constitutionally effective assistance of trial counsel. Finding no error, we affirm.

Viewed in a light most favorable to the verdict, the evidence shows that the victim and his co-worker both drove their vehicles to a QuikTrip gasoline station in Gwinnett County, after finishing work for the evening. Parker approached the co-worker and asked for a ride to Braselton; the co-worker replied that he was traveling in the other direction, and Parker walked away. At about the same time, the victim drove into the station and parked his car. The police were

---

[1] The crimes were committed on February 14, 2003. An indictment was returned on May 14, 2003, charging Parker with malice murder, felony murder while in the commission of an aggravated assault, aggravated assault, possession of a firearm in commission of a felony, and arson in the first degree. Trial commenced on August 16, 2004, and a jury found Parker guilty as charged on August 25, 2004. Parker was sentenced on the same day to life imprisonment for murder, twenty concurrent years for aggravated assault, five consecutive years for the weapons offense, and twenty consecutive years for arson. A timely motion for new trial as amended was denied on May 25, 2006. A notice of appeal was filed on June 1, 2006. The case was docketed in this Court on July 27, 2006, and was submitted for a decision on briefs on September 18, 2006.

notified when the victim failed to return home from work, and his wife was unable to reach him on his cell phone.

Early the next day, the victim's car was found in the vicinity of the QuikTrip station; it had been destroyed by fire. The victim's body was located in a ditch about .2 of a mile from the burned car; his wallet was missing. The forensic evidence established he had been shot three times and dragged to that location. The victim suffered a contact wound to the right lower chest, a shot to the face from a distance of eighteen inches to two feet, and a mid-range shot to the back of the head which severed the brain stem and caused immediate death. Accelerants had been used to set fire to the car. A single shell casing was retrieved from the debris in the vehicle.

The investigation led to Parker after his truck had been observed speeding from the scene of the fire. Parker agreed to accompany the investigators to police headquarters and to give them a statement. He was told he was not in custody and was free to leave at any time. During the course of the questioning, Parker related three different versions of the events. He first denied having any knowledge of the shooting. He then stated that he met the victim at the QuikTrip station, he got into the victim's car, the victim produced a gun, the two fought over the gun, and Parker shot the victim in the struggle. On the following day, Parker volunteered to go to police headquarters for a second time, and to speak to the officers. This time he told them that a third person in the back seat of the victim's car was the shooter, the shooter forced Parker to assist him in concealing the body, and then allowed him to leave the scene. Parker's descriptions of the events, however, were inconsistent with the forensic evidence, and during that second interview he was arrested and *Miranda* warnings were administered. The police executed a search warrant at Parker's home and seized a camouflage jacket which was stained with the victim's blood.

Parker testified in his own defense at trial. He admitted approaching the victim at the QuikTrip station and inquiring whether he was having difficulty with his car; the victim responded that his car was overheating and he asked Parker to get in and "test drive" it with him; as they left the station, Parker noticed that there was another man in the back seat; that man proceeded to argue with the victim and then produced a gun and fired a shot at the victim; all three men fled from the car; another shot was fired at the victim and he fell to the ground; Parker was forced to drag the victim's body to a ditch; and Parker managed to run from the scene.

1. The evidence was sufficient for a rational trier of fact to have found Parker guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Parker asserts that his convictions for aggravated assault and murder should have merged because the same evidence used to prove the aggravated assault was also used to prove the malice murder.

The victim's first two injuries were caused by shots to the abdomen and the cheek, but the third shot — to the back of his head — was fatal. The jury could reasonably have concluded that the first two injuries resulted from a separate offense than the third. *Farley v. State*, 277 Ga. 622 (2) (593 SE2d 328) (2004) (non-fatal shot in the arm, before fatal shots, did not merge aggravated assault and murder convictions as a matter of fact). Thus, the earlier, non-fatal shots to the abdomen and cheek were sufficient to support the aggravated assault conviction, and there was no merger. Id.

3. Parker's appellate counsel asserted a claim of ineffective assistance of trial counsel. Following an evidentiary hearing, the trial court concluded that Parker's trial counsel rendered reasonably effective assistance. Parker challenges this ruling on appeal.

> To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficiency so prejudiced defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); [cit.]. The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. [Cit.] The trial court's findings with respect to effective assistance of counsel will be affirmed unless clearly erroneous. [Cit.]

*Patel v. State*, 279 Ga. 750, 751 (620 SE2d 343) (2005).

(a) Parker asserts that counsel was ineffective in failing to seek suppression of the bloody jacket seized from Parker's home on the ground that the affidavit in support of the search warrant lacked specific facts to establish probable cause.

Trial counsel testified at the hearing on the motion for new trial that he did not seek suppression of the jacket because it was consistent with the theory of the defense — that Parker had been forced to assist the perpetrator in concealing the victim. Furthermore, the application in support of the warrant sets out that Parker was the last person seen with the victim, that he matched the description of a white male seen driving away from the scene of the fire in a distinctive red and white pickup truck which was later found parked at the home he shared with his parents; that he told several lies to the police,

but that he admitted being at the scene of the shooting and he stated that the clothing he was wearing that night was located at his parents' home.

Any hearsay contained in the affidavit were statements from named individuals (such as Parker's wife and parents, and the victim's co-worker) whose relationship to Parker was made clear to the magistrate. "Hearsay can be the basis for issuance of a warrant so long as there is a substantial basis for crediting the hearsay. [Cits.]" (Punctuation omitted.) *Banks v. State*, 277 Ga. 543, 545 (2) (592 SE2d 668) (2004).

Based on the foregoing, the issuing magistrate was authorized to make the determination that probable cause existed and that the warrant should be issued. See generally *Davis v. State*, 266 Ga. 212 (465 SE2d 438) (1996).

"When trial counsel's failure to file a motion to suppress is the basis for a claim of ineffective assistance, the defendant must make a strong showing that the damaging evidence would have been suppressed had counsel made the motion." *Richardson v. State*, 276 Ga. 548, 553 (3) (580 SE2d 224) (2003). There was no such showing here.

(b) It is asserted that trial counsel was ineffective in failing to object to the admissibility of Parker's statements to the police. Trial counsel testified at the hearing on the motion for new trial that he anticipated Parker would testify in his own defense and when he did, the statements would be admissible for purposes of impeachment. See *Harris v. New York*, 401 U. S. 222 (91 SC 643, 28 LE2d 1) (1971) (voluntary statement which fails to comply with *Miranda* is admissible for impeachment purposes); *Dampier v. State*, 245 Ga. 427 (15) (265 SE2d 565) (1980). Thus, counsel's decision not to challenge the admissibility of the statements was a reasonable strategic decision.

(c) Parker submits that trial counsel was ineffective in failing to object to evidence of the victim's good character. The victim's wife testified that he was kind to strangers, and she illustrated with a specific instance in which he offered to render aid to a stranded motorist. The evidence was relevant to show Parker's opportunity to commit the crime by staging a vehicle breakdown. Furthermore, Parker has not shown a reasonable likelihood that the outcome of the trial would have been different had the evidence been eliminated. *Patel*, supra.

(d) Finally, Parker submits that trial counsel was ineffective in failing to object to improper evidence of Parker's bad character. Specifically, Parker points to testimony by his mother that he was unemployed, failed to support his wife and child, slept late in the day, and was up most of the night in question. This testimony was offered for the relevant purpose of showing motive and opportunity to

commit the crime. As Parker concedes, testimony from his estranged wife that he had not maintained employment, found a home, or obtained transportation, is also relevant to show motive. Counsel testified that he did not think the testimony was injecting bad character into the case, and there "wasn't a lot [counsel] could do" about the testimony. We find no reasonable likelihood that an objection would have resulted in the exclusion of damaging evidence, or that the outcome of the trial would have been different had the evidence been excluded. *Patel*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2007.

*Wystan B. Getz*, for appellant.

*Daniel J. Porter, District Attorney, Richard A. Vandever, Assistant District Attorney, Thurbert E. Baker, Attorney General, Chad E. Jacobs, Assistant Attorney General*, for appellee.