303 Ga. 681
FINAL COPY

S17G1343. GIBBS v. THE STATE.

BENHAM, Justice.

Appellant Kevin S. Gibbs was convicted of aggravated assault upon a police officer and other offenses arising out of an encounter he had with a Smyrna police officer on February 12, 2013, commencing at a city park. Gibbs was behind the wheel of a car backed into a parking space in a remote area of the park when the officer drove his patrol vehicle into that same parking area. The officer testified at trial that he intentionally placed his vehicle at an angle so that it would not block Gibbs from leaving, and then he exited the patrol vehicle and approached Gibbs's car. The relevant facts established at trial are largely set forth in the Court of Appeals opinion affirming the convictions. See *Gibbs v. State*, 340 Ga. App. 723, 724-725 (1) (798 SE2d 308) (2017). Our own examination of the record reveals that as the officer approached Gibbs's car, Gibbs stepped on the accelerator, causing the car to lurch forward and strike the officer's leg. Even after the officer drew his weapon and ordered

Gibbs to stop and exit his vehicle, Gibbs again accelerated the car and struck the officer a second time. The officer dove out of the way while firing his weapon. The gunshot shattered the driver-side window and struck Gibbs. Gibbs then sped away from the park, let his passengers out, and then drove recklessly through heavy traffic while being pursued by patrol cars, ultimately colliding with another vehicle before being stopped by the police.

One of the State's witnesses at trial was a nurse at the hospital where Gibbs was admitted for treatment of his gunshot wound after being taken into custody. As part of the routine admitting process, the nurse questioned Gibbs about his medical history and made a written record of certain information he offered in response. This Court granted a writ of certiorari to examine two issues: Whether the Court of Appeals erred in its determination that the nurse's testimony regarding Gibbs's statement to her that he had used marijuana on the day of the crimes was admissible as intrinsic evidence; and whether the Court of Appeals erred in determining that Gibbs waived his right to argue that trial counsel was ineffective for failing to object to the testimony regarding his marijuana use because he failed to question trial counsel about that issue at the motion for new trial hearing. As set forth below, we conclude the Court of Appeals erred in its determination that Gibbs waived his right to argue

ineffective assistance of counsel, but we nevertheless agree that the trial court's denial of Gibbs's motion for new trial was properly affirmed.

1. Trial counsel objected to the nurse's testimony because the evidence showed the nurse had not given *Miranda* warnings before obtaining Gibbs's statement that he had smoked marijuana the day he was admitted to the hospital, but this was a meritless objection since no requirement exists for a private citizen who is not acting on behalf of the State to give self-incrimination warnings before questioning a person accused of a crime. See *Williams v. State*, 302 Ga. 474, 484 (IV) (c) (807 SE2d 350) (2017). Trial counsel made no other objection to the nurse's testimony. In his amended motion for new trial, Gibbs, represented by a new attorney as appellate counsel, asserted that his trial counsel provided ineffective assistance as a result, among other things, of his failure to challenge the admissibility of the nurse's testimony on the ground that it improperly placed Gibbs's character into issue without a showing by the State that such evidence could reasonably create a motive for the crimes charged. Gibbs appealed the trial court's denial of the motion for new trial. The Court of Appeals concluded that "[t]he nurse's testimony was not subject to an objection under OCGA § 24-4-404 (b) [Rule

404 (b) of the Georgia Evidence Code] because it is intrinsic evidence."[1]

*Gibbs*, 340 Ga. App. at 727 (2) (a). Based on this conclusion, the Court of

Appeals ruled that trial counsel's performance was not deficient for failing to

make such an objection, and thus the trial court did not err in denying Gibbs's

motion for new trial alleging ineffective assistance of counsel on this ground.

Id. at 728 (2) (b).

Having examined the record and the argument of the parties, we

conclude it is unnecessary to determine whether the testimony regarding

Gibbs's statement about use of marijuana was admissible as intrinsic evidence

because, in any event, its admission created no prejudice given the strong

evidence of Gibbs's guilt.[2] Because ineffective assistance of counsel requires

---

[1]     OCGA § 24-4-404 (b) states:
        Evidence of other crimes, wrongs, or acts shall not be admissible to prove
the character of a person in order to show action in conformity therewith. It may,
however, be admissible for other purposes, including, but not limited to, proof of
motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of
mistake or accident. The prosecution in a criminal proceeding shall provide
reasonable notice to the defense in advance of trial, unless pretrial notice is excused
by the court upon good cause shown, of the general nature of any such evidence it
intends to introduce at trial. Notice shall not be required when the evidence of prior
crimes, wrongs, or acts is offered to prove the circumstances immediately
surrounding the charged crime, motive, or prior difficulties between the accused
and the alleged victim.

[2]     Although the evidence of guilt was not unrefuted, because the passengers in his car denied
that Gibbs struck the officer, the officer sustained bruises that were consistent with the incident he
described and with the fact that the video recording from the patrol car's dash camera jerked in a

both deficient performance and prejudice,[3] Gibbs's claim of ineffective assistance of counsel for counsel's failure to object to this testimony on the grounds of relevance or the inadmissibility of evidence of other bad acts fails. See *Jones v. State*, 302 Ga. 488, 493 (2) (b) (807 SE2d 344) (2017) (even if deficient performance is demonstrated, a claim of ineffective assistance of counsel cannot be sustained if the appellant fails to meet the burden of showing a reasonable probability that the outcome of the trial would have been different); see also *Gill v. State*, 295 Ga. 705, 708 (2) (763 SE2d 719) (2014).

2.    At the hearing on his motion for new trial, Gibbs also asserted ineffective assistance as a result of counsel's failure to object to the nurse's testimony on the ground that it violated Gibbs's medical records privacy rights. The Court of Appeals noted that appellate counsel did not question trial counsel about his failure to object to the nurse's testimony on this ground or any other ground beyond relevance or the inadmissibility of other bad acts. For that reason, the Court of Appeals found any other ground for challenging the nurse's testimony was not preserved, citing *Patel v. State*, 279 Ga. 750, 754 (c)

---

manner that appeared to be consistent with the officer's testimony that he bumped against the side of the patrol car when he was struck the second time.

[3]    See *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984).

(620 SE2d 343) (2005).  While we conclude the Court of Appeals properly affirmed the trial court's denial of appellant's motion for new trial with respect to this ground for asserting ineffective assistance of counsel, we disagree with its reasoning.

The failure to present evidence or legal argument sufficient to rebut the presumption of reasonably competent assistance of counsel in a motion for new trial or at the hearing on the motion does not mean an ineffective assistance of counsel claim that was raised below was not *preserved* for appellate review; it means the appellant failed to establish ineffective assistance on the merits and the trial court's denial of the appellant's ineffectiveness claim was not erroneous.  To the extent our earlier *Patel* opinion can be read (and apparently was read by the Court of Appeals in this case) as holding that an appellant's failure to present evidence in a motion for new trial to refute the presumption that trial counsel's conduct was strategic waives the issue for purposes of appeal, that portion of the opinion is disapproved.  The Court of Appeals' conclusion that Gibbs waived this argument was erroneous.

Nevertheless, we affirm its decision to uphold the trial court's denial of the motion for new trial on the ground of ineffective assistance of counsel under the "right for any reason" rule.  See *Jones v. State*, 301 Ga. 544, 551 (3)

(802 SE2d 234) (2017). As noted in Division 1, the familiar *Strickland* test requires a showing of both deficient performance and prejudice in order to establish ineffective assistance of counsel. In Division 1, we concluded that, due to the strong evidence of Gibbs's guilt, Gibbs failed to satisfy the required showing of prejudice with respect to his trial counsel's failure to challenge the admissibility of the nurse's testimony on the ground that it improperly placed Gibbs's character into issue. For the same reason, ineffective assistance of counsel is not established by counsel's failure to object to the nurse's testimony on the ground that it violated Gibbs's medical records privacy rights. Whether or not trial counsel's performance was deficient in this regard, prejudice is not shown.[4]

Judgment affirmed. Hines, C. J., Melton, P. J., Hunstein, Nahmias, Blackwell, Boggs, Grant, JJ., and Judge Katherine Lumsden concur. Peterson, J., disqualified.

---

[4] We note that the decision of the Court of Appeals to vacate the trial court's judgment in part as the result of a sentencing error and to remand for resentencing was not challenged.

Decided April 16, 2018 — Reconsideration denied May 21, 2018.

Certiorari to the Court of Appeals of Georgia — 340 Ga. App. 723.

Forrest K. Shealy, for appellant.

D. Victor Reynolds, District Attorney, Michael S. Carlson, Amelia G. Pray, Jaret T. Usher, Assistant District Attorneys, for appellee.