### 68772. AARON v. THE STATE.
(324 SE2d 564)

McMURRAY, Chief Judge.

Defendant was convicted of two counts of the offense of aggravated assault and appeals. *Held*:

One of the victims, Eddie Simpson, was not present at defendant's trial. Defendant contends that the trial court erred in permitting hearsay testimony relating certain declarations made by Simpson. These declarations alleged to have been made by Simpson were "that he had been shot at . . . his buddy had been shot [that] he had run all the way down to the river . . . realized he couldn't swim and came back out . . . was running down the road . . . trying to get somebody to stop to help him." Defendant argues that admitting such evidence violated the confrontation clause of the Georgia and United States Constitutions.

The issue now argued by defendant was not raised by objection at trial. Under the general rule a ground enumerated as error but not objected to during the trial for a ruling may not be raised for the first time on appeal. However, we cannot presume a waiver of the right to confrontation from a silent record. The record must show a knowing, intelligent and voluntary waiver made with the accused's consent.

*Wooten v. State*, 162 Ga. App. 719 (293 SE2d 11); *Sims v. State*, 167 Ga. App. 479 (1) (306 SE2d 732). The record in the case sub judice fails to show a valid waiver, therefore, we address the merits of defendant's enumeration of errors as to this issue despite the absence of proper objection at trial.

"[When] a hearsay declarant is not present for cross-examination at trial, the Confrontation Clause normally requires a showing that he is unavailable. Even then, his statement is admissible only if it bears adequate 'indicia of reliability.'" Ohio v. Roberts, 448 U. S. 56, 66 (100 SC 2531, 65 LE2d 597). In order to establish the unavailability of the hearsay declarant, the State must show that it has made a good faith effort to obtain his presence at trial. Ohio v. Roberts, 448 U. S. 56, 74, supra. Upon the record before us in the case sub judice, the State has failed to show what efforts, if any, were made to secure the presence of Simpson. Nor does the testimony of the other victim George Frazier Mullins, that Simpson had suffered a nervous breakdown, that he had been hospitalized following this incident, that he was scared and didn't want to come back, necessarily suggest that the State's efforts would have been futile. The State having failed to show that Simpson was "unavailable" and there being no valid waiver (upon the record before us) of defendant's right to confrontation, we hold that the trial court erred in admitting into evidence the testimony as to declarations made by Simpson. Ohio v. Roberts, 448 U. S. 56, supra.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 21, 1984.

*R. Mason Barge, Griffin B. Bell, Jr., William J. Neville*, for appellant.

*J. Lane Johnston, District Attorney*, for appellee.