### 73988. DUNCAN v. THE STATE.
(358 SE2d 910)

POPE, Judge.

Walter Scott Duncan, Jr., brings this appeal from his convictions of homicide by vehicle in the first degree (OCGA § 40-6-393 (a)) and driving under the influence of alcohol (OCGA § 40-6-391 (a) (1)).

*Held:*

1. Appellant first cites as error the trial court's admitting into evidence the results of a blood alcohol test administered to the deceased victim. Appellant concedes the relevance of this evidence to the issues at trial. See, e.g., *Biegun v. State*, 206 Ga. 618 (2) (58 SE2d 149) (1950); see generally Green, Ga. Law of Evidence, § 75 (2d ed. 1983). Appellant's objection is grounded in his assertion that the admission of this evidence denied him "the fundamental right of confronting a witness used against him," i.e., the decedent. This argument is patently absurd. The witness presenting the subject evidence was the forensic chemist who made the chemical analysis, not the decedent from whom the blood was obtained. Appellant was afforded a thorough and sifting cross-examination of this witness, and, therefore, we find no violation of appellant's constitutional right of confrontation. Compare *Aaron v. State*, 172 Ga. App. 700 (324 SE2d 564) (1984). See generally *Delaware v. Fensterer*, 474 U. S. ___ (106 SC ___, 88 LE2d 15) (1985); Green, Ga. Law of Evidence, § 224 (2d ed. 1983).

2. The second enumeration of error states that "appellant was denied equal protection under the laws as he was in a comatose state at the time of his arrest and was unable to intelligently know the rights administered to him." That is, he "was not capable of knowingly refusing a blood test." See OCGA § 40-5-55 (b). He contends that although he was ambulatory and vocal in the first several hours following the collision, he was "comatose" due to the injuries he had received.

We construe appellant's argument to mean that he was lethargic but not unconscious. See Webster's Third New Intl. Dictionary at 451. Indeed, the record discloses that appellant was informed of his implied consent rights (see OCGA §§ 40-5-55 and 40-6-392) and repeatedly over several hours refused to submit to a blood test. Appellant's attempt to counter this evidence with testimony of his temporary amnesia for a period of 18 hours following the collision is of no avail. His failure to recall the circumstances following the collision does not contradict the State's prima facie showing that he was in a communicative condition — not dead, unconscious or otherwise incapable of refusing the test — when informed of his rights and thereafter refused chemical testing of his blood. We thus find no basis for reversal in this enumeration of error. Cf. *Rogers v. State*, 163 Ga. App. 641 (1) (295 SE2d 140) (1982); *Smith v. State*, 143 Ga. App. 347 (1) (238 SE2d 698) (1977). See also *Smith v. State*, 164 Ga. App. 624 (3) (298 SE2d 587) (1982).

3. In light of our holding in Division 2, we find entirely devoid of merit appellant's third enumeration of error that "the State violated its duty by failing to make a blood test to determine [appellant's]

blood alcohol level. . . ." Moreover, we find no statutory requirement compelling the State to conduct a blood alcohol test on a person who is "dead, unconscious or otherwise in a condition rendering him incapable of refusal." OCGA § 40-5-55 (b). Rather, such "test or tests *may* be administered." (Emphasis supplied.) Id.; see *Eidson v. State*, 167 Ga. App. 184 (6) (305 SE2d 787) (1983).

4. "While there is a sharp conflict in the evidence, the weight of the evidence and credibility of witnesses are questions for the triers of fact. [Cit.] There was direct testimony that appellant was under the influence of intoxicants and that it was less safe for him to drive than if he had not consumed intoxicants. The details of how the [collision] occurred were presented fully, and the jury found that appellant's actions were the proximate cause of the [collision]. The evidence is sufficient to support that finding and we find that [any] rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. [Cit.]" *Loveless v. State*, 158 Ga. App. 535 (281 SE2d 311) (1981).

5. "Notwithstanding the holding in Division [4], appellant's conviction for driving under the influence cannot stand. Under the circumstances of the instant case, the offense of driving under the influence merged into the crime of first degree vehicular homicide. Proof of the elements of the offense of first degree vehicular homicide necessarily requires proof of the elements of the underlying traffic violation. Thus, the underlying traffic violation is a lesser included offense of first degree vehicular homicide under OCGA § 16-1-6 and conviction of both offenses is proscribed under the provisions of OCGA § 16-1-7. [Cit.]" (Punctuation omitted.) *Rogers v. State*, 180 Ga. App. 310, 311-12 (348 SE2d 888) (1986); see also *Brock v. State*, 146 Ga. App. 78, 82 (245 SE2d 442) (1978).

*Judgment affirmed in part and reversed in part. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JUNE 18, 1987.

*William A. Wehunt*, for appellant.

*Robert E. Wilson, District Attorney, Gregory Futch, Robert W. Houman, Assistant District Attorneys*, for appellee.