A97A0701. IN RE BILLY L. SPRUELL.
(489 SE2d 48)

POPE, Presiding Judge.

After notice and a hearing, the trial court held attorney Billy L. Spruell in indirect criminal contempt of court. On appeal, Spruell challenges the sufficiency of the evidence of contempt and argues that the trial court erred in considering testimony from an earlier hearing in the underlying proceedings. We conclude that the properly considered evidence was sufficient to support an inference of wilful contempt. The trial court erred in considering the testimony from the earlier hearing, however. We therefore vacate the trial court's judgment of contempt and remand the case to allow the court to recon-

sider the question without relying on the improperly admitted evidence.

1. On appeal of a conviction for criminal contempt, we view the evidence in a light to support the verdict and consider it sufficient if any rational trier of fact could have found defendant guilty of contempt beyond a reasonable doubt. *In re Irvin*, 254 Ga. 251 (2) (328 SE2d 215) (1985); *In re Gouge*, 206 Ga. App. 462 (1) (425 SE2d 882) (1992). Criminal contempt involves some form of wilful disrespect toward the court; it may involve intentional disregard for or disobedience of an order or command of the court, or it may involve conduct which interferes with the court's ability to administer justice. Id. at 463-464. We are mindful that a court's contempt power should be used sparingly. See Johnson & Reaves, Contempt of Court in Georgia, 23 Ga. State Bar Journal 66, 72 (1986). But we are also mindful that a court must be given room to act when faced with conduct which evinces resistance to authority and interferes with the ability of the court, in its broad institutional sense, to administer justice. Id. at 66. See also *Bradley v. State*, 111 Ga. 168 (36 SE 630) (1900); *Gouge*, 206 Ga. App. at 464 (1).

Viewed to support the trial court's determination, the properly admitted evidence shows that a client came into Spruell's office on a Thursday night and hired Spruell to represent him at his DUI trial, which was scheduled to begin the following Monday morning. Spruell knew he would be unable to represent the client at his scheduled trial, as Spruell was leaving the country early Friday morning for an extended vacation in a remote area where he would be totally unreachable. He nonetheless accepted payment from the client and agreed to represent him. Spruell's office did file a request for a leave of absence (and, subsequently, a motion for continuance). But Spruell left without knowing if the request was granted, and without making arrangements for someone else to cover if it was not, thereby forcing the court to either postpone the trial or try the client without his attorney. This evidence is sufficient to support a finding of contempt, as a rational factfinder could infer that Spruell was wilfully disrespectful when he disregarded the scheduling order and forced the court to revise its schedule to fit his convenience.

Spruell contends that his failure to appear on Monday could not be contemptuous because it was impossible for him to appear on Monday, and one cannot be held in contempt for failing to do an act which is impossible for him to do. See *In re Henritze*, 181 Ga. App. 560, 562 (353 SE2d 58) (1987). But this contention misses the point: Spruell's contempt was not in simply failing to appear on Monday, but in wilfully creating the impossibility by accepting an obligation he knew he would be unable to fulfill. We are not holding that an attorney should never accept a case in which a court date is sched-

uled that the attorney will be unable to make. But we are saying that an attorney should not accept a case just before leaving for a place where he will be totally unreachable up to and through that court date, without making sure that a leave of absence and/or continuance is granted, and without making arrangements for how the case should be handled if it is not.

Spruell suggests his conduct did not really delay or inconvenience the court, because the court would not have reached his client's case on Monday anyway. At the contempt hearing, however, the assistant district attorney testified that he was ready to try the case and had his witnesses present, and the judge testified that all cases on the list to be tried were reached that week, with time to spare. In any case, it is clear that Spruell's conduct wasted judicial resources and put the court in an untenable position, and that severe disruption of judicial processes would result if attorneys routinely engaged in this practice. The fact that a court will usually grant a leave of absence or continuance does not mean that an attorney can simply assume it will do so, thereby depriving the court of its ability to exercise its discretion.

2. Spruell also argues that the trial court erred in considering his client's testimony from the hearing on the motion for a continuance, in which the client said that Spruell had failed to tell him that he would not be at the scheduled trial. We agree this testimony should not have been considered, as it was hearsay and violated Spruell's right to confront witnesses against him. Testimony from a prior proceeding may be admissible if, among other conditions, the witness is unavailable for the later proceeding. *Jones v. State*, 250 Ga. 166, 167 (2) (296 SE2d 598) (1982). But there was no showing of unavailability in this case. Moreover, another condition for admissibility of prior testimony is relevant here: the party challenging the testimony must have had the opportunity at the earlier proceeding to cross-examine the witness on the issue to be decided in the later proceeding — which necessarily means that the earlier and later proceedings have to involve substantially the same issue. *Prater v. State*, 148 Ga. App. 831 (5) (253 SE2d 223) (1979); see also OCGA § 24-3-10. Here, Spruell's associate was present at the earlier hearing and theoretically had the opportunity to cross-examine the client regarding what Spruell had told him. Because the prior proceeding was about continuation of the trial rather than the propriety of Spruell's conduct, however, she had no practical reason to do so. Thus, the trial court erred in admitting the transcript of the client's testimony from the earlier hearing for this reason as well.

The trial court's error in admitting the transcript was arguably harmless, since Spruell's lack of candor toward his client, while it may be of interest to the State Bar, is only marginally relevant to

whether he was wilfully contemptuous toward the court. Yet this argument is belied by the trial court's written order, which indicates that the court relied on the client's inadmissible testimony in making its decision regarding Spruell's contempt. In its findings of fact, the court twice refers to the client's testimony that he did not realize Spruell would not be there on Monday; and in its conclusions of law, in setting forth the behavior that constituted the contempt, the court says that Spruell "cast his client upon the mercy of the court."

As discussed in Division 1, the properly admitted evidence was sufficient to support an inference of wilful contempt, regardless of what Spruell told his client. But the evidence would also have supported an inference that Spruell, while exhibiting arrogance and poor judgment, did not actually act with wilful contempt for the court. In making the former inference (wilful contempt) rather than the latter (poor judgment), the trial court apparently was influenced by testimony it should not have considered. Accordingly, we vacate the trial court's order and remand the case to allow the court to reconsider the contempt question without relying on this evidence. Cf. *Life for God's Stray Animals v. New North Rockdale County Homeowners Assn.*, 256 Ga. 338 (349 SE2d 184) (1986); *Harford v. Harford*, 238 Ga. 351 (233 SE2d 183) (1977) (where basis of trial court's decision on contempt is erroneous or unclear, it is appropriate to vacate judgment and remand for further consideration or clarification).

*Judgment reversed and remanded. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 24, 1997 —
RECONSIDERATION DENIED JULY 15, 1997.

*Spruell & Dubuc, Melinda D. Taylor, Steven H. Sadow*, for appellant.
*Albert F. Taylor, Jr., District Attorney, Mary E. Moore, Assistant District Attorney*, for appellee.

