A99A0396. IN RE BILLY L. SPRUELL.
(515 SE2d 190)

RUFFIN, Judge.

The trial court cited attorney Billy L. Spruell for contempt of court. On appeal, Spruell challenges the sufficiency of the evidence supporting the citation. This issue already has been decided adversely to Spruell, and we affirm.

This is the second time this case has come before this Court. The relevant facts are set forth in *In re Billy L. Spruell*, 227 Ga. App. 324 (489 SE2d 48) (1997). Succinctly stated, the facts are that on the evening of Thursday, February 22, 1996, Spruell was retained to represent a client in a criminal trial scheduled for Monday, February 26, 1996. Spruell accepted the case even though he was leaving for a vacation outside the country the next morning and would not be available for trial on Monday. Before leaving, Spruell signed an entry of appearance and an application for leave of absence and left his associate, Melinda Taylor, to try to obtain a continuance. The trial court granted a continuance, but cited Spruell for indirect contempt for his failure to appear in court.

In *In re Billy L. Spruell*, supra, Spruell claimed that the trial court erred in considering evidence from an earlier hearing. In addition, Spruell argued that the evidence was insufficient to support a finding of contempt. We held "that the properly considered evidence was sufficient to support an inference of wilful contempt." Id. at 324. We also held that the trial court erred in considering certain hearsay testimony and, therefore, remanded the case "to allow the court to reconsider the contempt question without relying on this evidence." Id. at 327 (2). On remand, the trial court once again cited Spruell for

contempt of court indicating that it did not rely on the inadmissible hearsay testimony. In his sole enumeration of error, Spruell challenges the sufficiency of the evidence.

"The law of the case rule controls the issue in this appeal. The law of the case rule, though formally abolished, still applies to rulings by . . . our appellate courts in a particular case." (Punctuation omitted.) *Lowman v. Advanced Drainage Systems*, 228 Ga. App. 182, 183 (491 SE2d 427) (1997). The rule, set forth in OCGA § 9-11-60 (h), provides that "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be."

> An exception to the rule that will permit issues to be relitigated after appeal is when the evidentiary posture of the case changes. . . . The evidentiary posture of a case changes so as to bar application of the law of the case rule . . . when the original evidence submitted is found to be insufficient, and the deficient evidence is later supplemented. *McLean v. Continental Wingate Co.*, 222 Ga. App. 805, 807 (1) (476 SE2d 83) (1996). Thus, if subsequent to an appellate decision, the evidentiary posture of the case changes in the trial court, the law of the case rule does not limit or negate the effect that *such change* would otherwise mandate.

(Punctuation omitted.) *Brown v. Piggly Wiggly Southern*, 228 Ga. App. 629 (1) (493 SE2d 196) (1997).

In this case, the evidentiary posture of the case has not changed since we issued our opinion in *In re Billy L. Spruell*, supra. Accordingly, our previous determination that the "properly considered evidence was sufficient to support an inference of wilful contempt" remains the law of the case and Spruell may not relitigate this issue on appeal. See *Lowman*, supra.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MARCH 29, 1999 —

*Spruell, Taylor & Associates, Melinda D. Taylor, Steven H. Sadow*, for appellant.

*N. Stanley Gunter, District Attorney, Lynn Akeley-Alderman, Assistant District Attorney*, for appellee.