A04A2382. IN RE DALEY.
(608 SE2d 253)

PHIPPS, Judge.

Edward Daley appeals his conviction of criminal contempt of court. Among other things, he challenges the trial judge's refusal to disqualify herself at the contempt hearing and the sufficiency of the evidence to support his conviction. Finding the evidence sufficient and no reversible error, we affirm.

Daley was summoned to the Superior Court of DeKalb County as a potential juror in a murder case in which the state was seeking the death penalty. Daley was brought into the courtroom with a panel of about 50 other potential jurors. The trial judge reviewed various preliminary matters with the potential jurors and then ordered them back to the jury room to await instructions when to return to the courtroom for individual voir dire questioning. The court gave the jurors "a list of dos and don'ts." Among other things, the court

---

[4] See *Carter v. State*, 222 Ga. App. 397 (1) (474 SE2d 228) (1996).

admonished the jurors not to discuss the case with anyone, including each other, outside the actual voir dire questioning in the courtroom.

After the jurors had gone to the jury room, bailiff Diane Arthur returned to the courtroom to report an improper remark by one of the potential jurors. In open court, Arthur informed the judge that, in the presence of all the other jurors on the panel, Daley had raised his hand and asked whether it mattered if anyone had an opinion in the case; that Arthur had responded that it did not matter to her but that concerns such as that would be addressed by the judge; and that Daley then said, "No one cares that I knew the victim, I was best friends with [him], and that this man deserves to die." When asked by defense counsel about Daley's demeanor at the time, Arthur responded that he had appeared "hot-headed" and made the comment in a "loud tone." Because all the members of the jury panel heard the comment, the court granted a defense motion to excuse them. Daley was brought back before the court later that day and advised that he might be held in contempt of court later.

Several weeks after the conclusion of the murder trial, a contempt rule nisi was issued ordering Daley to appear for a hearing before the presiding judge and show cause why he should not be held in contempt. Arthur testified at the hearing. Her testimony showed that disqualification of the jury panel as a result of Daley's remark had caused the county considerable trouble and expense. Although Daley's attorney cross-examined Arthur, Daley did not testify. Following the hearing, the court entered an order finding Daley in wilful contempt of court for violating the court's instruction prohibiting him from discussing the case "with anyone," and imposing as punishment twenty days incarceration, to be shortened to ten days upon payment of a $500 fine.

1. Daley contends that the judge erred in refusing to disqualify herself from the contempt hearing.

> Where the announcement of punishment is delayed, and where the contumacious conduct was not directed toward the judge and where the judge did not react to the contumacious conduct in such manner as to become involved in the controversy, the judge has the power to hold a contempt hearing at the conclusion of the trial and, after giving the [offender] reasonable notice of the specific charges and opportunity to be heard, to impose punishment.[1]

---

[1] *Dowdy v. Palmour*, 251 Ga. 135, 142 (2) (c) (304 SE2d 52) (1983).

Although the contempt in this case arose from violation of a court instruction, the contemptuous conduct was not in the presence of the court; and the bailiff, rather than the judge, was the witness against Daley.[2] Consequently, the trial judge was not required to recuse herself.

2. Daley contends that the court erred in finding him in contempt in partial reliance on Arthur's testimony at the time of the murder trial about Daley's demeanor when he made the comments at issue. Daley complains that he was not present when Arthur gave that testimony and did not have an opportunity to confront or cross-examine her.

Daley did, however, have an opportunity to confront and cross-examine Arthur at the contempt hearing.[3] Moreover, at the contempt hearing, the court found Daley in contempt and imposed punishment without mentioning this portion of Arthur's prior testimony. Therefore, although this part of Arthur's testimony was quoted in the court's written order, it does not appear that the court placed any real reliance on it either in finding Daley in contempt or in imposing punishment.[4] For these reasons, this claim of error presents no ground for reversal.

3. Daley challenges the court's finding in its order that he had offered no excuse or justification for making the comments. He contends that the court improperly considered his exercise of his right to remain silent.[5]

We need not decide whether the court's finding was based on an improper consideration of Daley's exercise of his right to remain silent, because we conclude that the finding itself was erroneous. Although Daley did not testify, through counsel he argued that the comments for which he was found in contempt were justified because the trial court had not yet asked the potential jurors statutory questions set forth in OCGA § 15-12-164 (a) as to whether they had formed any opinion in regard to the guilt or innocence of the accused, whether they had any prejudice or bias for or against the accused, or whether they were perfectly impartial between the state and the accused. The court was authorized, however, to find this excuse inadequate, as Daley had been instructed that he should not discuss the case with anyone, including other jurors, and that additional questions would be posed to him and other potential jurors during

---

[2] Compare *In re Burgar*, 264 Ga. App. 92 (589 SE2d 679) (2003) (physical precedent only).

[3] Compare *Aaron v. State*, 172 Ga. App. 700 (324 SE2d 564) (1984).

[4] Compare *In re Spruell*, 227 Ga. App. 324, 326 (2) (489 SE2d 48) (1997).

[5] See *Gosha v. State*, 239 Ga. 37, 38 (235 SE2d 527) (1977); *Thomas v. State*, 234 Ga. 615 (216 SE2d 859) (1975); OCGA § 24-9-20 (b).

individual voir dire examination. Consequently, this claim of error provides no ground for reversal.

4. Daley challenges the sufficiency of the evidence to support his conviction.

He argues that the evidence was insufficient to show that he intentionally disobeyed the court's order. The evidence, viewed in a light most favorable to support the judgment, authorized a rational trier of fact to find beyond a reasonable doubt that Daley intentionally violated the court's order.[6]

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED NOVEMBER 22, 2004.

*Spruell, Taylor & Associates, Billy L. Spruell*, for appellant.

*Jeffrey H. Brickman, District Attorney, Charles G. Hicks*, for appellee.

---

[6] See generally *In re Spruell*, supra at 325 (1).