A06A0585. DOGAN v. GEORGIA DEPARTMENT OF HUMAN RESOURCES.
(630 SE2d 140)

RUFFIN, Chief Judge.

The trial court held Walter Dogan in contempt for falsifying documentation he submitted to the court in connection with a child support petition. Dogan appeals the contempt order, asserting that the trial court erred in finding him in contempt. In the alternative, Dogan argues that the judge was required to recuse himself. Finding no error, we affirm.

1. On appeal from a conviction for criminal contempt, we view the evidence in a light favorable to the trial court's ruling.[1] So viewed, the record reveals that the Georgia Department of Human Resources ("DHR") brought a complaint for paternity and support against Dogan, seeking support for his minor child.[2] In connection with the petition, DHR served Dogan with a Request for Production of Documents, which requested, inter alia, his "paycheck stubs and other evidence of income" for two years.

---

[1] See *In re Spruell*, 227 Ga. App. 324, 325 (1) (489 SE2d 48) (1997).

[2] As Dogan is a resident of New York, DHR filed a long-arm complaint. On appeal, Dogan does not challenge the Georgia court's jurisdiction.

Dogan admitted paternity, and he provided the attorney for DHR what he claimed were copies of his pay stubs. The check stubs, which appeared to be from Dogan's employer, showed that Dogan worked 32 hours per week and that his gross earnings were approximately $528. The stubs also showed various withholdings. In addition to requesting pay stubs from Dogan, DHR also subpoenaed payroll records from Dogan's employer. These payroll records showed Dogan actually grossed over $1,000 per week from his employer. The discrepancy was discovered during the hearing on DHR's petition for child support payments. Following the bench trial, the court stated:

> [a]side from the issue of support, what is so troubling to me is . . . Dogan's conduct in submitting [these] documents. He fabricated a series of documents in an effort to convince the Court that his earnings were about half of what they actually were. . . . I'm inclined to find Mr. Dogan in . . . criminal contempt of Court because he's disrupted the Court process by submitting these obviously false documents.

In order to afford Dogan proper notice and an opportunity to be heard, the trial court gave him five days before a contempt hearing would be held. Because Dogan had a flight scheduled, he waived any notice requirement, and the contempt hearing was conducted the same day.[3] Following a brief hearing during which Dogan claimed that he was not attempting to deceive the court, the trial court found him to be in criminal contempt and ordered him to serve 20 days in jail.

According to Dogan, the trial court erred in finding him in contempt because any allegedly contemptuous conduct was not directed to the court. Dogan seems to imply that, since DHR tendered the pay stubs, he cannot be held responsible for their introduction before the trial court. This *might* be true if the court only had the power to cite litigants for direct contempt, which generally requires that the contemptuous conduct be committed in open court.[4] However, the trial court also has the power to cite litigants for indirect contempt, which does not need to occur in the court's presence.[5]

---

[3] Although he does not currently practice, Dogan is a lawyer, licensed to practice law in both New Jersey and Georgia. Thus, he was capable of appreciating the nature of such waiver.

[4] See *Ramirez v. State*, 279 Ga. 13, 14 (2) (608 SE2d 645) (2005).

[5] See id. We note that, for indirect contempt proceedings, a litigant is entitled to due process, such as "reasonable notice of the charges, . . . counsel of his own choosing, and . . . the opportunity to call witnesses." Id. at 16 (3). Since Dogan waived these requirements, we need not address them on appeal. See *In re Woodall*, 241 Ga. App. 196, 202 (2) (c) (526 SE2d 69) (1999); *In re Brant*, 230 Ga. App. 283, 285 (3) (496 SE2d 321) (1998).

In this regard, such contempt may involve "some form of wilful disrespect toward the court; it may involve intentional disregard for or disobedience of an order or command of the court, or it may involve conduct which interferes with the court's [authority] to administer justice."[6] Here, the evidence shows that Dogan — an attorney — represented to DHR that documents submitted in response to a request to produce were pay stubs. At the time he did so, Dogan understood that the information was being requested in connection with a hearing on his child support obligations. In other words, Dogan falsified documents, which he knew or had reason to suspect would be presented to the trial court. Clearly, this type of conduct interferes with the court's authority to administer justice, such that the court was justified in holding Dogan in contempt.[7]

2. Dogan also contends that the trial court erred in failing to recuse himself. Dogan cites *In re Schoolcraft*[8] for the proposition that the contempt hearing should have been conducted by another, disinterested, judge. We disagree.

As a threshold matter, we question whether Dogan has preserved this alleged error for appeal as there is no evidence that Dogan asked the judge to recuse himself.[9] Even if the error is properly before us, however, we find no grounds for reversal.

A judge must recuse himself when a contemnor lies to the court in direct response to a question from the court[10] or when the court's actions evince a strong inference that the judge has become personally involved in the controversy.[11] In contrast, recusal is not required when the conduct occurs outside of the presence of the judge[12] or if there is no evidence that the judge is overly embroiled in the controversy.[13] Here, Dogan initially produced the falsified records to the attorney for DHR, so the conduct occurred outside the judge's presence.[14] Accordingly, the judge was not required to recuse himself on this basis.[15] Moreover, there is no indication that the judge was overly

---

[6] *Spruell*, supra.

[7] See *Crute v. Crute*, 86 Ga. App. 96, 98 (70 SE2d 727) (1952) ("a witness who is seeking to conceal the truth and to give evasive answers or to falsify and mislead the court certainly is not acting respectfully to the court and his conduct is reprehensible").

[8] 274 Ga. App. 271, 273 (1) (617 SE2d 241) (2005).

[9] See *Brant*, supra at 285 (2) (where contemnor fails to seek recusal, a judge does not err in failing to sua sponte recuse himself).

[10] See *Schoolcraft*, supra.

[11] See *In re Adams*, 215 Ga. App. 372, 375 (1) (450 SE2d 851) (1994).

[12] See *Ramirez*, supra; *In re Daley*, 270 Ga. App. 583, 585 (1) (608 SE2d 253) (2004).

[13] See *In re Longino*, 254 Ga. App. 366, 370 (5) (562 SE2d 761) (2002).

[14] Indeed, Dogan concedes that the contumacious conduct was not directed to the trial court.

[15] See *Daley*, supra.

invested in the controversy. Rather, the judge merely stated his concern regarding the falsified documents and informed Dogan that he was "inclined to find [Dogan] in criminal contempt." The judge then gave Dogan notice of the contempt proceedings, which the judge initially scheduled to take place in five business days. It was only at Dogan's request that the trial court conducted the contempt hearing on the same day. Given the absence of evidence that the judge was embroiled in the controversy, recusal was not required.[16]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED APRIL 14, 2006.

*Willie J. Woodruff, Jr.,* for appellant.
*Michael H. Crawford, District Attorney, Anita D. Trotter, Assistant District Attorney,* for appellee.

---

[16] See *Longino*, supra; compare *Adams*, supra at 377 (1) (where judge imposed the maximum sentence, insisted upon immediate incarceration, denied supersedeas, and refused to allow contemnor to make a phone call, there is a strong inference that the judge has become personally embroiled in the controversy).