## S10F0032. RANK v. RANK.
### (695 SE2d 13)

NAHMIAS, Justice.

The trial court conducted a final hearing in the Ranks' divorce case on March 18, 2009. During the hearing and two long recesses, the Ranks resolved all issues by agreement, as explained on the record, except responsibility for some unpaid veterinary bills, division of a few items of personal property, and Mr. Rank's request for a $22,000 credit towards his child support payments. After listening to the attorneys state in their place, without contradiction from the other side, what their evidence would show if formally presented, the trial court entered the final divorce decree without receiving testimony or documentary evidence. We conclude that there was no error in the procedure followed by the trial court, and we therefore affirm.

1. Michael Rank and Sarah Rank married in 2003 and separated in 2008. The couple have two minor children. Ms. Rank filed a verified complaint for divorce, and Mr. Rank filed a verified answer. Ms. Rank also filed affidavits relating to child custody and visitation.

The trial court conducted a final hearing on March 18, 2009. The parties appeared in court with their attorneys. Mr. Rank planned to call only one witness — himself. Ms. Rank planned to call several witnesses, all of whom were present or on call. Ms. Rank's counsel provided the trial court with a detailed overview of the issues, including descriptions of areas where the parties had reached tentative agreement. Mr. Rank's counsel declined the court's invitation to stipulate to any points of agreement but said that on the agreed issues, "I just won't question her [Ms. Rank] about it." Mr. Rank's counsel then gave a detailed overview of the case from Mr. Rank's perspective.

Having heard both parties' opening presentations, the trial court explained thoroughly its initial view on each issue to be

decided. The court indicated that it did not see the need for a great deal of witness testimony, but it made it clear that it would "listen to anything y'all have got." After further discussion, the parties requested time to negotiate, and the court recessed the final hearing for an hour and 40 minutes. The trial court then reconvened the hearing, gave the parties additional guidance, and ordered another recess, this time for over three hours.

When the parties returned, Ms. Rank's counsel "outline[d] what we understand the circumstances are now based on the Court's direction." Ms. Rank's counsel listed, without objection from Mr. Rank or his attorney, the terms to be included in the final decree relating to property and debt division, child support, child custody, visitation, and various credits Mr. Rank would receive toward his current child support arrearage. Ms. Rank's attorney then summarized the situation as follows: "As I understand, as we went through I think the only issue in dispute that I disagreed with relates to the vet bills and then the personal property." Mr. Rank and his attorney did not dispute that summary.

There was a brief discussion about a flat-screen TV, a sofa table, and a few appliances that Mr. Rank wanted, all of which the final decree awarded to him. Mr. Rank's counsel also requested that Mr. Rank receive a credit toward his child support payments for $22,000 that he had paid for landscaping and improvements to the undeveloped lot next to his in-laws' property. No one disputed that Mr. Rank had paid the $22,000, but the trial court denied the request in light of the large amount of debt that Ms. Rank had agreed to assume. Ultimately, the parties offered no testimony or documentary evidence. The trial court closed the hearing, and on April 10, 2009, the court issued the final divorce decree. We granted Mr. Rank's application for discretionary appeal of the final divorce decree under the Court's pilot project. See *Wright v. Wright*, 277 Ga. 133, 133 (587 SE2d 600) (2003).

2. The parties were far apart on the issues when they came to court on the day of the final hearing. The trial court instructed the parties on its view of the relevant law and, based upon what the attorneys represented that the evidence would be, informed them of its general practices in such situations. The court twice sent the parties and their attorneys out to negotiate further. The parties and their attorneys returned to court with a settlement on all but a few issues, and the agreed items were read into the record without objection. The attorneys did not dispute the facts regarding the remaining issues, which, along with the agreed-upon issues, the trial court resolved in the final decree.

Mr. Rank now claims that because there was no testimony or documentary evidence offered at the final hearing, there is no

evidence to support the trial court's judgment. However, as Ms. Rank correctly notes, the parties reached agreement on most of the issues, and there were no objections to the attorneys' proffers of what the evidence would show. Attorneys are officers of the court, and " 'their statements in their place, if not objected to, serve the same function as evidence.' " *Cafagno v. Hagan,* 213 Ga. App. 631, 634 (445 SE2d 380) (1994) (citation omitted). In the absence of an objection, counsel's evidentiary proffers to the trial court during a hearing will be treated on appeal as the equivalent of evidence. See *Matherly v. Kinney,* 227 Ga. App. 302, 304 (489 SE2d 89) (1997). Accord *Caldwell v. McWilliams,* 65 Ga. 100, 101 (1880) ("Where counsel makes statements in [his or her] place, they may be received without verification unless the same is required by the opposing party at the time."). Moreover, Mr. Rank did not object at the hearing to the trial court's making its legal decisions and entering the final decree based upon the information provided during the hearing. See *Facey v. Facey,* 281 Ga. 367, 368-369 (638 SE2d 273) (2006) ("[A] party cannot ignore during trial that which he or she thinks to be error, take a chance on a favorable outcome, and complain later."). Because Mr. Rank did not object, the trial court did not err by relying upon the parties' announced agreements and counsels' statements in lieu of live testimony and other evidence at the final hearing, and Mr. Rank cannot complain about that procedure on appeal.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 3, 2010.

*Brad E. MacDonald, Vic B. Hill,* for appellant.
*Key, McCain & Gordy, R. Michael Key,* for appellee.