S11F1140. SIDES v. SIDES.
(717 SE2d 472)

MELTON, Justice.

After Richard Sides ("Husband") and Barbara Sides ("Wife") began dating in 1989, Wife became pregnant, and Husband agreed to marry Wife on the condition that the parties enter a Prenuptial Agreement. The parties executed the Prenuptial Agreement on September 17, 1990, and were married five days later. The parties divorced nearly twenty years later, and, following a hearing, the trial court agreed to enforce the Prenuptial Agreement and incorporated it into the parties' Final Decree. Wife appeals, primarily contending that the trial court erred in enforcing the Prenuptial Agreement. For the reasons that follow, we affirm.

The record reveals that Husband and Wife met in 1978, and, in 1989, Husband and Wife began dating. At that time, Wife was a flight attendant who lived in a small apartment and drove a car that was leased in her father's name, and Husband owned his own telecommunications company, MIS Associates, Inc. ("MIS"), and had a net worth of approximately $4.2 million. Over the course of their marriage, the parties' estate grew in value to roughly $8 million. Under the parties' Prenuptial Agreement, Wife would have been entitled to substantially more resources if the parties divorced after their twenty-year anniversary, and substantially less if the parties divorced prior to their twenty-year anniversary. After the parties' child began college, on January 29, 2010, Husband filed a Complaint for Divorce and a Motion to Enforce the Prenuptial Agreement. The trial court agreed to enforce the Agreement, and Husband and Wife's divorce was finalized sixty-two days prior to the couple's twenty-year

anniversary, leaving Wife with her car and $250,000 (payable in installments of $25,000 per year for ten years), as opposed to a larger share of the parties' estate.

1. Wife's arguments to the contrary notwithstanding, the trial court correctly found that the parties' Prenuptial Agreement was enforceable.

> Three factors are to be considered in deciding the validity of a prenuptial agreement: "(1) [W]as the agreement obtained through fraud, duress or mistake, or through misrepresentation or nondisclosure of material facts? (2) [I]s the agreement unconscionable? (3) Have the facts and circumstances changed since the agreement was executed, so as to make its enforcement unfair and unreasonable?" *Scherer v. Scherer*, 249 Ga. 635, 641 (3) (292 SE2d 662) (1982). "Whether an agreement is enforceable in light of these criteria is a decision made in the trial court's sound discretion. [Cit.]" *Alexander v. Alexander*, 279 Ga. 116, 117 (610 SE2d 48) (2005).

*Mallen v. Mallen*, 280 Ga. 43, 43-44 (622 SE2d 812) (2005).

Here, evidence supports the trial court's conclusions that full financial disclosures were made to Wife before she agreed to sign the Prenuptial Agreement and that the agreement was not unconscionable. Both Husband's attorney and Wife's attorney deposed that they would not have allowed their clients to enter the agreement without full financial disclosures being made, and both attorneys signed certifications at the time that the agreement was entered indicating that they fully discussed all terms of the agreement with their clients. Husband also provided a sworn affidavit in which he stated that full financial disclosures were made. The Prenuptial Agreement itself did not require that the actual financial disclosure documents be attached to the agreement. Moreover, Wife had known Husband for many years prior to their courtship, and she was aware of the vast disparity between Husband's income as a business owner and her own prior to their marriage. Under the circumstances presented here, there is no basis for concluding that the Prenuptial Agreement was void for lack of financial disclosures or for being unconscionable. See *Mallen*, supra, 280 Ga. 43, 46-47 (1) (c) and (2).

Furthermore, Wife has not shown that the increase in Husband's net worth over time presents a change of circumstance that would make enforcement of the agreement unfair and unreasonable. Indeed

> [w]ife was familiar with Husband's financial circum-

stances ... for [many] years prior to [the] marriage and must have anticipated that his wealth would grow over the ensuing years. Since the continued disparity in their financial situations was plainly foreseeable from the terms of the prenuptial agreement, Wife cannot rely on that as a change in circumstance which renders the agreement unfair.

*Mallen,* supra, 280 Ga. at 48 (3). The fact that Husband's net worth nearly doubled over the course of an almost twenty-year marriage was not something that was unforeseeable, as "a significant growth of assets over many years can hardly be considered an unforeseeable changed circumstance that justifies voiding [a] prenuptial agreement." (Citation and punctuation omitted.) Id. (upholding prenuptial agreement where Husband's net worth increased over two-and-a-half times, from $8.5 million to $22.7 million, over the course of eighteen-year marriage). The trial court did not abuse its discretion in upholding the parties' Prenuptial Agreement. Id.

2. Wife is also incorrect in her assertion that the trial court erred by entering its Final Decree despite pending counterclaims by Wife still existing in the trial court. The record reveals that all of Wife's counterclaims dealt with matters that were specifically covered by the Prenuptial Agreement (i.e., alimony and division of property), and that the trial court's correct decision to enforce the Prenuptial Agreement disposed of all of these counterclaims.

3. Finally, Wife contends that the trial court erred by taking evidence regarding the final divorce following its ruling on the Prenuptial Agreement. Specifically, Wife claims that the trial court should have set a separate date for a trial instead of immediately taking evidence and entering a Final Decree. However, Wife never objected to this procedure below, and therefore cannot now complain on appeal about that procedure. *Rank v. Rank,* 287 Ga. 147 (2) (695 SE2d 13) (2010).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 7, 2011.

*Kessler, Schwarz & Solomiany, Dennis G. Collard,* for appellant.
*Davis, Matthews & Quigley, David N. Marple, Richard W. Schiffman, Jr.,* for appellee.