**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 10, 2020**

# In the Court of Appeals of Georgia

A19A1710. HAGAN v. THE STATE.

MCFADDEN, Chief Judge.

Stephen Hagan appeals from his conviction of sale of methamphetamine. He claims that the trial court erred in allowing hearsay testimony from two witnesses. However, the contested testimony of one of the witnesses did not constitute hearsay and Hagan may not now complain about the other witness' testimony, which was elicited by Hagan's counsel. Hagan also claims that his trial counsel was ineffective; but he has failed to show that counsel's performance was both deficient and prejudicial. We therefore affirm.

1. *Facts and procedural posture.*

Viewed in the light most favorable to the verdict, see *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence shows that on May 4,

2016, law enforcement officers used a confidential informant to arrange a controlled purchase of methamphetamine. The informant went to the arranged location, a house in Savannah, Georgia, and used $100 provided by the officers to purchase one gram of methamphetamine from Hagan and an accomplice.

Hagan and the accomplice were charged jointly with sale of methamphetamine. The accomplice pled guilty and Hagan proceeded to a jury trial. The jury found Hagan guilty of sale of methamphetamine and the trial court imposed a 20-year recidivist sentence of 10 years in confinement and 10 years on probation. Hagan moved for a new trial, which the trial court denied, and Hagan then filed this appeal.

2. *Hearsay and confrontation clause violation.*

In a single enumeration of error, Hagan contends that the trial court erred in allowing two state witnesses to give impermissible hearsay testimony that violated Hagan's confrontation clause rights. The contentions are without merit.

(a) *Confidential informant.*

The confidential informant testified at trial as a witness for the state and the defense thoroughly cross-examined her. The state then requested that it be allowed, on redirect examination, to question the informant about a recorded statement she had made to officers immediately after the drug transaction indicating that Hagan had

2

packaged the methamphetamine and had given it to the accomplice who then gave it to the informant. Over a defense objection, the trial court allowed the evidence as a prior consistent statement. After the state's redirect questioning, Hagan's attorney then cross-examined the informant about her prior recorded statement.

"An out-of-court statement shall not be hearsay if the declarant testifies at the trial or hearing, is subject to cross-examination concerning the statement, and the statement is admissible as a prior inconsistent statement or a prior consistent statement under Code Section 24-6-613 or is otherwise admissible under this chapter." OCGA § 24-8-801 (d) (1) (A). Here, Hagan has made no showing that the trial court erred in determining that the recorded statement constituted a prior consistent statement. Consequently, since the informant testified at trial and was subject to cross-examination about her prior consistent statement, evidence concerning that statement was not hearsay. Likewise, because Hagan "was afforded a thorough and sifting cross-examination of [the] witness, [there was] no violation of [Hagan's] constitutional right of confrontation." *Duncan v. State*, 183 Ga. App. 368, 369 (1) (358 SE2d 910) (1987).

(b) *Narcotics officer.*

3

A narcotics officer involved in the case was asked on cross-examination by Hagan's attorney if the accomplice had already pled guilty, and the officer replied: "Yes, he did. He pled guilty and admitted that they had sold the drugs." Hagan did not object to the testimony, but he now claims on appeal that it was hearsay which the trial court should not have allowed. However,

> [a] defendant generally cannot complain on appeal about the admission of evidence that he introduced himself. . . . Although we may take notice of plain errors affecting substantial rights even when an error is not brought to the attention of the trial court, where invited error exists, it precludes a court from invoking the plain error rule and reversing. Here, the testimony by [the officer] about which [Hagans] complains on appeal was elicited by [Hagan's] counsel. . . . He cannot complain now that the jury heard that evidence.

*Adkins v. State*, 301 Ga. 153, 156-157 (2) (800 SE2d 341) (2017) (citations and punctuation omitted).

3. *Ineffective assistance of counsel.*

Hagan claims that his trial counsel was ineffective in failing to object to various pieces of evidence. To prevail on this claim, Hagan "must show both that his counsel's performance was deficient and that the deficient performance so prejudiced him that, but for the deficiency, there is a reasonable probability that the outcome of the trial would have been different." *Stodghill v. State*, 351 Ga. App. 744, 747 (3)

4

(832 SE2d 891) (2019) (citation and punctuation omitted). Hagan has failed to make both showings of deficient performance and prejudice.

(a) *Failure to object to prior statement.*

Hagan contends that his trial counsel was ineffective in failing to object to the confidential informant's recorded statement discussed above in Division 2 (a). But contrary to Hagan's contention, the record plainly shows that trial counsel did in fact object to the statement on two occasions. Counsel first objected to the admissibility of the statement in a motion in limine seeking to exclude evidence of the statement, which the trial court granted at the outset of the trial. But as explained above, the state subsequently asked the court to allow the statement on redirect examination of the informant as a prior consistent statement. Hagan's counsel once again objected to the statement, opposing the state's request to introduce it as a prior consistent statement. Because counsel did in fact object to the statement, Hagan's ineffectiveness claim premised on the incorrect assertion that counsel failed to object is meritless and provides no basis for finding deficient performance.

(b) *Failure to object to officer's testimony.*

Hagan claims that his attorney was ineffective in failing to object to the narcotics officer's testimony discussed above in Division 2 (b). Pretermitting the

5

question of whether the failure to object to testimony that counsel himself elicited amounts to deficient performance, Hagan has made no attempt to show a reasonable probability the outcome of the trial would have been different if counsel had objected to the testimony, and instead he has merely made the conclusory allegation that the alleged deficiency was prejudicial to the defense. See *Dent v. State*, 303 Ga. 110, 117 (4) (a) (810 SE2d 527) (2018) (appellant failed to show any prejudice, alleging only "in conclusory terms[] that he was prejudiced by his attorney's failure"). "Given the substantial evidence of [Hagan's] guilt, [including the informant's direct testimony of Hagan's involvement in the drug sale,] it is unlikely [that an objection] precluding [the officer's testimony] from being admitted would have changed the outcome of the trial." *Parks v. State*, 300 Ga. 303, 310 (6) (a) (794 SE2d 623) (2016).

(c) *Failure to move to exclude testimony of confidential informant.*

Hagan enumerates that his trial counsel was ineffective in failing to exclude the testimony of the confidential informant pursuant to OCGA §§ 17-16-3 and 17-16-4. Hagan has not clarified exactly what provisions in those code sections he is relying on, but it appears that the gist of his claim is that his attorney should have moved to exclude the confidential informant's testimony on the ground that the state did not timely provide him with the informant's identity prior to trial. Although Hagan's trial

6

counsel testified at the motion for new trial hearing, Hagan did not ask him to explain why he did not move to exclude the informant's testimony on that ground. The absence of any such an explanation

> renders this [c]ourt unable to determine whether trial counsel's failure to [make such a motion] constituted deficient performance or trial strategy. Without the testimony of trial counsel regarding the decision not to [make such a motion], counsel's decision is presumed to be strategic and thus insufficient to support an ineffective assistance of counsel claim. Thus, Thompson has failed to show deficient performance.

*Thompson v. State*, 349 Ga. App. 1, 9-10 (3) (825 SE2d 413) (2019) (citations and punctuation omitted). See also *Jackson v. State*, 306 Ga. 706, 716 (4) (b) (832 SE2d 809) (2019) (ineffective assistance not shown where defendant failed to ask counsel why he did not request a certain jury charge because absent such testimony, counsel's decisions are presumed to be strategic).

*Judgment affirmed. McMillian, P. J., and Senior Appellate Judge Herbert E. Phipps, concur.*