**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and LAND, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 15, 2022**

# In the Court of Appeals of Georgia

A22A0735. BENTLEY v. MOORE.

MCFADDEN, Presiding Judge.

Tammie Bentley appeals from a trial court order denying her motion to invalidate an attorney's lien. But she has failed to show that the trial court erred in denying the motion and in enforcing the lien. So we affirm.

1. *Facts and procedural posture.*

Bentley retained attorney Ross Moore II to represent her in a case arising from a motor vehicle collision. Moore filed a complaint for damages on Bentley's behalf and eventually agreed to settle the case for the defendant's insurance policy limits of $100,000, with the trial court later entering an order enforcing the settlement agreement. Moore recorded an attorney's lien pursuant to OCGA § 15-19-14 to collect his fees of $45,000 plus expenses. Bentley moved to invalidate the attorney's

lien, claiming that she had not authorized Moore to settle the case and that the contracted 45 percent contingency fee was invalid and unreasonable. After a hearing, the trial court denied the motion to invalidate the attorney's lien, finding that Bentley had authorized Moore to settle the case for the $100,000 policy limits and that Moore was entitled to $45,000 in fees "pursuant to the parties' contingency contract, which is valid and enforceable pursuant to its terms and has not been proved otherwise by plaintiff." This appeal followed.

2. *Authority to settle.*

Bentley contends that the trial court erred in denying her motion to invalidate the attorney's lien because it was based on the court's erroneous finding that she had authorized Moore to settle the case. We disagree.

> The validity and enforceability of an attorney's lien, and the amount of fees to award the attorney enforcing the lien, are matters for the trial court to decide. Where the trial court is the factfinder, we construe the evidence in the light most favorable to support the court's judgment and will uphold the court's factual findings on appeal if there is any evidence to support them.

*McDonald & Cody v. State of Ga.*, ___ Ga. App. ___ (2) (Case No. A22A0531, decided June 23, 2022) (citations and punctuation omitted).

In this case, there was some evidence to support the trial court's finding that Bentley had in fact authorized Moore to settle the case. The record shows that at the hearing on the motion to enforce the settlement agreement, Bentley was represented by another attorney who subpoenaed Moore to appear at the hearing. With the judge's permission, Moore made a statement in his place, informing the court that Bentley had expressly authorized him to settle the case for $100,000 as part of a larger strategy involving another automobile collision case in which Moore had also represented Bentley. Bentley did not object to Moore's statement in his place and made no effort to cross-examine him. "Attorneys are officers of the court, and their statements in their place, if not objected to, serve the same function as evidence." *In re Singleton*, 323 Ga. App. 396, 406 (5) (744 SE2d 912) (2013) (citation and punctuation omitted).

Bentley argues that Moore's statement in his place cannot serve as evidence since he was not representing her at that hearing. But she has cited no authority stating such a rule. The authority authorizing statements in place arises out of attorneys' status as officers of the court. See *Singleton,* supra. Moore had not somehow lost that status when, with the trial judge's permission, he made his statement in place about a settlement reached while he was representing Moore in the

3

case. Indeed, "[w]e recognize and reiterate that at all times, an attorney at law is an officer of the court." *City of Atlanta v. Black*, 265 Ga. 425, 427 (457 SE2d 551) (1995). See also *Eckles v. Atlanta Tech Group*, 267 Ga. 801, 805 (2) (485 SE2d 22) (1997) ("An attorney is an officer of the court and, as such, has a responsibility to the courts and to the public which is no less significant than the obligation he owes to his clients. The office of attorney is indispensable to the administration of justice and is intimate and peculiar in its relation to, and vital to the well-being of, the court.") (citations and punctuation omitted). Because Moore's statement in his place was made "as an attorney and officer of the court," *In re Dillon*, 344 Ga. App. 200, 203 (808 SE2d 436) (2017), we decline Bentley's invitation to disregard the well-established rule that in the absence of an objection, an attorney's statement in place is treated "as the equivalent of evidence." *Rank v. Rank*, 287 Ga. 147, 149 (2) (695 SE2d 13) (2010). See also *State v. Rosenbaum*, 305 Ga. 442, 451 (2) (a) (826 SE2d 18) (2019) (attorney's statement in place "is prima facie true and needs no further verification unless the same is required by the court or the opposite party") (citation and punctuation omitted).

We further note that Bentley not only failed to object to Moore's statement at the settlement hearing, but she also did not object at the hearing on her motion to

4

invalidate the attorney's lien when the trial court announced that it would consider that statement in ruling on the motion. To the extent she is now challenging the court's procedure of "relying upon [Moore's] statement[in place] in lieu of [him giving] live testimony . . ., [she] cannot complain about that procedure on appeal." *Rank*, supra. Accord *In re Singleton*, supra (appellant cannot complain about trial court's reliance on attorney's statement in place regarding attorney fees where there was no objection to such evidence); *In re Estate of Bell*, 274 Ga. App. 581, 584 (618 SE2d 194) (2005) (because appellant did not object at hearing to court's consideration of attorney statements in place as opposed to testimony, she could not then complain of the procedure on appeal).

In this case, "[t]he trial court, acting as a factfinder, resolved the [evidence] in favor of [Moore]. Because [Moore's statement in his place] supported the court's finding that [Bentley had authorized the settlement], the denial of [Bentley's] motion [claiming otherwise] shall not be disturbed." *Burgess v. State*, 207 Ga. App. 286, 286-287 (427 SE2d 614) (1993).

3. *Reasonableness of fees.*

Bentley asserts that the trial court's order should be vacated and the case remanded because the court failed to rule on her argument that the amount of claimed

attorney fees was unreasonable. But as recited above, the trial court expressly ruled that Moore was entitled to recover his claimed fees "pursuant to the parties' contingency contract, which is valid and enforceable pursuant to its terms and has not been proved otherwise by plaintiff." So contrary to Bentley's assertion, the trial court rejected any challenge to the reasonableness of the claimed fees by ruling that they were valid and enforceable. This enumeration presents no basis for vacating the trial court's order.

*Judgment affirmed. Gobeil and Land, JJ., concur*.